rm (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7723 | **DATE** | 2/1/2002 |
| **CASE TITLE** | Carolyn Kopecky vs. UNUM Life Insurance Co. etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant now moves to dismiss count II and plaintiff's claim for future disability benefits. That motion is granted. Status hearing set for February 6, 2002 at 9:15am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 0 5 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 FEB -4 PM 2:23 | FEB 0 5 2002 date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| CAROLYN KOPECKY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) No. 01 C 7723 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) |
| Defendant. | ) |

DOCKETED
FEB 05 2002

## MEMORANDUM OPINION AND ORDER

This case began in state court as a state law suit on an insurance policy. It was, however, in reality an ERISA claim, and, after removal, plaintiff recast it as an ERISA claim. One state law vestige remains: a count II claim for attorneys' fees pursuant to 215 ILCS 5/155, for vexatious and unreasonable failure to pay disability benefits. Plaintiff also seeks past due benefits and a declaration that she is entitled to benefits for the rest of her life. Defendant now moves to dismiss count II and plaintiff's claim for future disability benefits. That motion is granted.

Plaintiff concedes that 215 ILCS 5/155 is normally preempted, Gawrysh v. CNA Insurance Companies, 978 F.Supp. 790 (N.D.Ill. 1997), but she argues that it applies here because the policy refers to Illinois as the governing jurisdiction, and states that it "is delivered in and governed by the laws of the governing jurisdiction." If this was not a policy issued as part of an ERISA plan, clearly it would be interpreted pursuant to Illinois, as contrasted to, say, Indiana, law. But it is an ERISA plan, which was the basis for removal. If Illinois law controlled, the case should have remained in state court. Plaintiff may ultimately be entitled to attorneys' fees, but as a matter of ERISA, not Illinois, law.

Plaintiff also concedes that we cannot enter a judgment for future benefits, but hopes to evade that conclusion by characterizing the relief sought as only a declaration of entitlement. She cites no authority. A declaration is but a slight removed from a judgment for damages. If plaintiff prevails, the result may make recovery of future benefits uncontested or much easier to attain. But we cannot conclusively predict the future.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 1, 2002.